# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

IN RE:  
INGRIED ALVANIA ALEKSIC  
  AKA INGRIED ALVANIA PRICE-ALBEE  
  Debtor  

Case No. 12-74519-FJS

Chapter 13

_____

BANK OF AMERICA, N.A.  
  Movant  

v.  

INGRIED ALVANIA ALEKSIC  
  AKA INGRIED ALVANIA PRICE-ALBEE  
  Debtor/Respondent  

and  
BRETT M. ALBEE  
  Co-Debtor/Co-Respondent  

and  
MICHAEL P. COTTER  
  Trustee/Respondent  

_____

## MOTION FOR RELIEF FROM AUTOMATIC STAY, AND MOTION FOR RELIEF FROM CO-DEBTOR STAY PURSUANT TO 11 U.S.C. § 1301(C)(2) (REAL PROPERTY)

Bank of America, N.A. ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay, and pursuant to 11 U.S.C § 1301(c)(2), for relief from the co-debtor stay, with respect to certain real property of the Debtor and Co-Debtor having an address of 2049 Midway Avenue, Chesapeake, VA 23324 (the "Property"), for all purposes allowed by the Note (defined below), the Deed of Trust (defined below), and applicable law, including but not limited to the right to foreclose.  In further support of this Motion, Movant respectfully states:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 & 157.

2. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on October 23, 2012.

3. A Chapter 13 Plan was confirmed on August 15, 2013.

_____

Stephen Relyea, VSB# 77236  
8100 Three Chopt Road, Suite 240  
Richmond, VA  23229  
(804) 282-0463  
*Attorney for the Movant*

    4.    The Debtor and Co-Debtor have executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $150,727.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A. Movant is an entity entitled to enforce the Note.

    5.    As evidenced by the assignments, endorsements, and/or allonges attached to the Note, the Note was transferred to Movant as follows: the original holder of the Note, American Home Mortgage, by and through its Asst. Secretary, Ryan Criscione, executed a special endorsement of the Note, which endorsement is located on the back of page 2 of the Note, making the Note payable to Countrywide Bank, FSB. Countrywide Bank, FSB, by and through its Senior Vice President, Laurie Meder, subsequently executed a special endorsement of the Note, which endorsement is located on the back of page 2 of the Note, making the Note payable to Countrywide Home Loans, Inc.. Countrywide Home Loans, Inc., by and through its Executive Vice President, Michele Sjolander, subsequently executed a special endorsement of the Note, which endorsement is located on the back of page 2 of the Note, making the Note payable to Countrywide Home Loans Servicing, LP. Countrywide Home Loans Servicing, LP, by and through its Executive Vice President, Michele Sjolander, subsequently executed a special endorsement of the Note, which endorsement is located on the back of page 2 of the Note, making the Note payable to the Movant. See Exhibit A hereto.

    6.    Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtor and Co-Debtor under and with respect to the Note and the Deed of Trust are secured by the Property. The lien created by the Deed of Trust was perfected by recording of the Deed of Trust in the office of the Clerk of the Circuit Court of City of Chesapeake, Virginia. A copy of the recorded Deed of Trust is attached hereto as Exhibit B.

    7.    The legal description of the Property is:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, LYING, BEING AND SITUATE IN THE CITY OF CHESAPEAKE, VIRGINIA, AND KNOWN, NUMBERED AND DESIGNATED AS LOT 94, AS SHOWN ON THE PLAT ENTITLED "SUBDIVISION OF SECTION 2, BILLUPS PARK, SOUTH NORFOLK BOROUGH, CHESAPEAKE, VIRGINIA", DATED NOVEMBER 16, 1966, AND MADE BY BALDWIN AND GREGG, CIVIL ENGINEERS AND SURVEYORS, WHICH PLAT HAS BEEN DULY RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE, VIRGINIA, IN MAP BOOK 47, AT PAGE 94.

STREET ADDRESS: 2049 MIDWAY AVENUE, CHESAPEAKE, VIRGINIA 23324

    8.    Bank of America, N.A. services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the

foreclosure will be conducted in the name of the Movant. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed.

9. The Note is a negotiable instrument under Va. Code § 8.3A-104. When Countrywide Home Loans Servicing, LP endorsed the Note to Movant it became payable to Movant, and Movant obtained the right to enforce the Note. *See* Va. Code § 8.3A-203 - 205. "Deeds of trust and mortgages are regarded in equity as mere securities for the debt, and whenever the debt is assigned the deed of trust or mortgage is assigned or transferred with it." *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 623 (2011) (quoting *Williams v. Gifford*, 139 Va. 779 (1924)).

10. As of May 7, 2014, the outstanding amount of the Obligations less any partial payments or suspense balance is:

| | |
|---|---:|
| Unpaid Principal Balance | $142,572.26 |
| Unpaid Accrued Interest | $22,455.09 |
| Uncollected Late Charges | $0.00 |
| Mortgage Insurance Premiums | $0.00 |
| Taxes and Insurance Payments on behalf of Debtor | $7,240.06 |
| Other Costs | $975.00 |
| Less: Partial Payments | ($1,327.83) |
| Minimum Outstanding Obligations | $171,914.58 |

11. The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtor as of May 7, 2014:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 5 | 1/1/2014 | 5/1/2014 | $1,277.85 | $6,389.25 |
| Less postpetition partial payments (suspense balance): | | | | ($390.93) |

**Total:    $5,998.32**

12. As of May 7, 2014, the total postpetition arrearage/delinquency is $6,823.32 consisting of (i) the foregoing total of missed postpetition payments in the amount of $5,998.32, plus (ii) the following postpetition fees:[1]

| Description | Amount |
|---|---|
| Attorney's fees associated with proof of claim | $425.00 |
| Attorney's fees associated with plan review/objection | $400.00 |

13. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $650.00 in legal fees and $176.00 in costs.

14. The estimated value of the Property is $130,000.00. The basis for such valuation is the Debtor's Schedules.

15. Cause exists for relief from the automatic stay for the following reasons:

   (a) Movant's interest in the Property is not adequately protected.

   (b) Postconfirmation payments required by the confirmed plan have not been made to Movant.

   (c) Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

---

[1] The total of missed postpetition payments for this impounded loan includes any missed escrow payments. Such missed escrow payments include amounts assessed for taxes and insurance and any previously assessed escrow shortage amount (if applicable). To avoid duplication, postpetition advances (if any) made for insurance, real estate taxes, or similar charges are not listed separately to the extent such advances would have been paid from the missed escrow payments. As part of the next annual RESPA analysis, the Bank will determine whether the escrow payments assessed to the debtor (including the missed escrow payments) result in a projected escrow shortage or overage. All rights are hereby reserved to assert or request any escrow amounts in accordance with RESPA and the total postpetiton arrearage/delinquency is qualified accordingly.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by the Note, the Deed of Trust, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. Relief from the co-debtor stay imposed by 11 U.S.C § 1301(a).

3. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

5. For such other relief as the Court deems proper.

Dated: May 12, 2014

Respectfully Submitted,
BWW Law Group, LLC

 /s/ Stephen Relyea
Stephen Relyea, VSB# 77236
BWW Law Group, LLC
8100 Three Chopt Road, Suite 240
Richmond, VA  23229
(804) 282-0463
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
*Attorney for the Movant*

## CERTIFICATE OF SERVICE

      I certify that on this 12th day of May, 2014, the following person(s) were or will be served with a copy of the foregoing Motion for Relief from Automatic Stay, and Motion for Relief from Co-Debtor Stay Pursuant to 11 U.S.C. § 1301(c)(2) electronically via the CM/ECF system or by first class mail, postage prepaid:

Michael P. Cotter, Trustee
870 Greenbrier Circle, Suite 402
Chesapeake, VA  23320

Edrie A. Pfeiffer, Attorney at Law
2624 Southern Boulevard, Suite 101
Virginia Beach, VA  23452

Ingried Price-Albee aka Ingried Alvania Price-Albee aka Ingried Alvania Aleksic
2049 Midway Avenue
Chesapeake, VA  23324

Brett M. Albee
2049 Midway Avenue
Chesapeake, VA  23324

                                             */s/ Stephen Relyea*
                                             Stephen Relyea